[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on February 8, 1993 at Freeport, Bahamas. They have resided continuously in this State for one year prior to July 1995. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established that the marriage has irretrievably broken down and Judgment may enter dissolving the marriage on that ground.
Unfortunately, the parties were unable to resolve their marital difficulties. The Court declines to assess fault to either party for the breakdown of the marriage.
The Court has carefully considered the criteria set forth in § 46b-81 and § 46b-82 in reaching the decisions reflected in the orders that follow.
The plaintiff husband had a serious accident in 1989 — 4 years prior to this marriage to the defendant in February 1993. Approximately 8 months after the marriage, the plaintiff settled his Workmen's Compensation claim for $190,000. There appears to be no liquid funds left from this settlement.
With his settlement, the plaintiff paid off approximately $12,055. of the defendant's bills. After the payment of attorneys fees, payment of plaintiff's bills, and car payments (Plaintiff's Exhibit 2 3), the remaining $100,000 was placed in a joint Smith-Barney account.
In August 1994, the plaintiff withdrew $41,500. for the purchase of the marital home which real estate was placed in both names.
The parties also purchased a motor vehicle for $7500 and title was placed in defendant's name although the plaintiff testified title was to have been placed in both names (The defendant took care of all the paper CT Page 4332-HH work).
The sum of $31,580. was placed in a joint savings account in November 1994. The plaintiff took $15,000 of this sum and placed it into a Savings Account in his name alone. The defendant had access to the balance and the plaintiff does not know what happened to these funds.
The plaintiff withdrew $5000, $4000 and $15,000 and put these funds into a joint account with the defendant. He also does not know what happened to these funds. The defendant placed some of these funds in a Dreyfus account in her name only. In October 1994, she closed out this account and transferred $30,000. to her mother.
The defendant gave no credible or plausible explanation for this withdrawal nor did she give any credible explanation as to what happened to the other funds over which she had control. Prior to her marriage, the defendant was bartending in Florida and was collecting unemployment.
The parties had a stormy relationship prior to their marriage in February 1993. When the defendant advised the plaintiff she was pregnant and carrying his child, the plaintiff married the defendant. A child was born to the defendant on October 13, 1993 and the plaintiff believed he was the father of said child. The plaintiff provided support for this child throughout the marriage.
A blood test for Paternity was completed in March 1996, in which the plaintiff was excluded as the biological father of the minor child. An attorney was appointed for the minor child and her report to the court also indicated the plaintiff was not the father of this child.
Based on the DNA Parentage test and the report of the attorney for the minor child, this court finds that the plaintiff is not the father of Nicole E. Zaccaria born October 13, 1993. The plaintiff did not request any visitation with the child and therefore none is CT Page 4332-II awarded. The plaintiff paid for all of the child's expenses while the parties lived together. The parties separated sometime in June 1995.
The following orders shall enter:
Alimony
Neither party requested any alimony and therefore none is awarded to either party.
Real Estate
The defendant shall forthwith quit claim all her right, title and interest in and to the Real Estate located at 131 Richard Street, West Haven, Connecticut to the plaintiff. The plaintiff shall be responsible for the mortgage and taxes and shall save the defendant harmless from any and all liability on the existing mortgage and taxes.
Motor Vehicle
The defendant shall be entitled to the 1990 Jeep Cherokee motor vehicle and the plaintiff shall have no claim thereto.
Arrearage
The defendant failed to pay half of the September 1995 mortgage payment as ordered on August 24, 1995, Pendente Lite. Said sum of $345. shall be paid by the defendant to the plaintiff within two weeks of date.
Change of Name
The defendant is granted a change of name to her former maiden name of Casey.
Property Settlement
The defendant is ordered to return to the plaintiff, one-half of the $30,000. Which she withdrew from the Dreyfus Account in October 1994. The defendant shall make reasonable efforts to pay this lump sum of CT Page 4332-JJ $15,000. Within a reasonable period of time. If the parties are unable to agree upon a reasonable time and payment schedule, they shall return to court for a hearing thereon.
Attorney Fees for the Attorney for the Minor Child
Each party shall pay one half of the attorney's fees of the attorney for the minor child within 30 days of date.
COPPETO, J.